UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROMAN CHAIDEZ-ALVAREZ, | No. 2:21-cv-01240-TLN-EFB (HC) |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| PAUL THOMPSON, Warden, | |
| Respondent. | |

Petitioner is a federal prisoner proceeding without counsel in this petition for writ of habeas corpus brought under 28 U.S.C. § 2241. ECF No. 1. The court has reviewed the petition and finds that the petition should be dismissed with leave to amend.

**I.  Background**

Petitioner is confined in federal prison at FCI Herlong. ECF No. 1 at 1. He alleges that respondent has adopted a policy for the application of the "First Step Act" (18 U.S.C. §§ 3632, 3624(g)) that is contrary to the statute. *Id.* at 3-11. According to petitioner, lawful application of the Act would have resulted in his release on May 26, 2021 or 2022. *Id.* at 8-9, 22.

**II.  The Petition**

A.  *Screening Standards for § 2241 Petitions*

United States District Courts have authority under 28 U.S.C. § 2241 to grant petitions for writ of habeas corpus to federal prisoners "in custody in violation of the Constitution or laws or

1

treaties of the United States." 28 U.S.C. § 2241(c). The court should award the writ or issue an order to the respondent to show cause why the writ should not be granted "unless it appears from the application that the applicant or person detained is not entitled" to relief. 28 U.S.C. § 2243. If it appears that the petitioner is not entitled to relief, the court may dismiss the petition. *Ruby v. United States*, 341 F.2d 585, 586-87 (9th Cir. 1965). For the reasons that follow, it is apparent from the application itself that petitioner is not entitled to relief and the petition must be dismissed.

B. *The First Step Act*

Enacted on December 21, 2018, the First Step Act ("FSA" or "Act") amended 18 U.S.C. chapter 229 in several ways, including changes to existing recidivism-reduction incentives. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). The Act required the Attorney General ("AG") to review the existing system for assessing prisoner risk and needs, to formulate recommendations regarding evidence-based recidivism reduction ("EBRR") programs and productive activities, and to produce a new risk and needs assessment program (referred to in the Act as "the System") that would, among other things, (1) classify the recidivism risk of each prisoner as minimum, low, medium or high and (2) assign each prisoner to appropriate EBRR programs or productive activities based on his or her risk level. 18 U.S.C. §§ 3631(b), 3632(a). The Act required that the System provide certain "incentives and rewards" for prisoners to participate in EBRR programs. *Id.* § 3632(d).

Relevant to this action, such incentives and rewards include incarceration-reducing time credits: prisoners who successfully complete EBRR programs or productive activities must be provided 10 days of time credit for every 30 days of successful participation in the programs or activities. *Id.* § 3632(d)(4)(A)(i). Prisoners who are given minimum or low risk assessments over two consecutive assessments and who have not increased in risk must be provided five extra days of time credit for each 30 days of successful completion of EBRR programs or activities (thus earning 15 days of time credit per 30 days of programming). *Id.* § 3632(d)(4)(A)(ii). Prisoners cannot earn time credits for EBRR programs completed prior to the enactment of the FSA or during pretrial detention. *Id.* § 3632(d)(4)(B).

2

The Act gave the AG until July 19, 2019 to develop the System, and the AG released the System on that date. *Hand v. Barr*, No. 1:20-cv-00348-SAB-HC, 2021 U.S. Dist. LEXIS 21726, at *5 (E.D. Cal. Feb. 4, 2021). It then set a further deadline of January 15, 2020, by which time the Bureau of Prisons ("BOP") was required to complete initial risk and needs assessments of all prisoners and begin to assign them to appropriate EBRR programs. 18 U.S.C. § 3621(h)(1)(A). The BOP was also required, by the same date, to begin expanding EBRR programs and activities it offers and to add new ones as necessary to implement the System. *Id.* § 3621(h)(1)(B). The Act provides the BOP two years from the January 15, 2020 deadline to complete the expansion so that it can provide EBRR Programs and productive activities to all prisoners; a period referred to in the Act as the "phase-in." *Id.* § 3621(h)(2)(A). During the phase-in, the BOP must give priority for EBRR programs and productive activities to prisoners according to their proximity to release. *Id.* § 3621(h)(3). Of particular significance to this case, the Act provides that, from the date of its enactment (December 21, 2018) until the end of the phase-in (January 15, 2022), the BOP "may" offer the incentives and rewards described in the Act – which include the potential for earning time credits – to prisoners who successfully participate in EBRR programs and productive activities. *Id.* § 3621(h)(4).

C. *The Elderly Offender Program*

Under 34 U.S.C. § 60541(g), "the Attorney General may release some or all eligible elderly offenders . . . from the Bureau of Prisons facilities to home detention, upon written request from either the Bureau of Prisons or an eligible elderly offender[.]" The FSA amended eligibility requirements for this program (hereinafter "EOP"), allowing offenders to participate if (1) they are a nonviolent, non-sex offender who has no history of violence or sex offenses, (2) they are at least 60 years old, (3) they are serving less than a life term, (4) they have completed at least two-thirds of their sentence, (5) they have not escaped or attempted to escape federal prison; (6) the BOP has determined that their release to home detention will result in a substantial net reduction of costs to the federal government, and (6) the BOP has determined that they pose no substantial risk of re-offending or endangering the public. 34 U.S.C. § 60541(g)(5).

/////

3

D. *Early Release to Home Confinement*

18 U.S.C. § 3624(c)(1) provides that the BOP "shall, to the extent practicable, ensure that a prisoner . . . spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for" reentry into the community. In furtherance of that goal, section 3624(c)(2) authorizes the BOP to release prisoners to home confinement for the shorter of 10 percent of their sentences or six months.

E. *Petitioner's Claim*

Petitioner claims that he has accrued 470 days of earned time credits toward his early release from approximately 940 days of productive activities. ECF No. 1 at 8. According to petitioner, he either (1) should have been released on May 26, 2021 (*id.* at 8-9) or (2) should be released on May 26, 2022 (*id.* at 22). Petitioner computed these dates by some combination of his asserted time credits with the EOP (34 U.S.C. § 60541(g)) and home confinement (18 U.S.C. § 3624(c)(2)) provisions. The exact computation petitioner has engaged in is unclear to the court, as he has not provided certain facts (including the date his incarceration began).

According to respondent, petitioner is 67 years old and is serving a term of 120 months imposed on May 24, 2018. ECF No. 7-2 (Decl. of Liwag) at 2. His projected release date is March 9, 2026, "via Good Conduct Time (GCT) release." *Id.* at 3. As of December 2021, petitioner had served just under half his statutory term, and his projected date for eligibility for the EOP was May 2024. *Id.*

Article III of the U.S. Constitution limits the jurisdiction of federal courts to "actual, ongoing cases or controversies," which means (in part) that this court may not hear a case where the claim "rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all" – such claims are considered "unripe." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990); *Bova v. City of Medford*, 564 F.3d 1093, 1095-96 (9th Cir. 2009). Ripeness is determined at the commencement of a litigation. *Makua v. Rumsfeld*, 136 F. Supp. 2d 1155, 1160-61 (D. Haw. Mar. 1, 2021). A number of federal district courts have determined that a federal prisoner's claims regarding earned time credits under the FSA are not ripe if filed prior to

4

the end of the phase-in period.  *E.g.*, *Ochoa v. Thompson*, No. 2:21-cv-1795 KJM KNP P, 2022 U.S. Dist. LEXIS 25591, at *5-8 (E.D. Cal. Feb. 11, 2022); *Hand v. Barr*, No. 1:20-cv-00348-SAB-HC, 2021 U.S. Dist. LEXIS 21726, at *12-15 (E.D. Cal. Feb. 4, 2021); *Llewlyn v. Johns*, No. 5:20-cv-77, U.S. Dist. LEXIS 18865, at *3-6 (S.D. Ga., Jan. 5, 2021).  The undersigned finds the reasoning of these courts persuasive.  The statute unambiguously (through the use of the permissive term "may" rather than "shall") provides that the Bureau is not required to provide the Act's time credit incentives to prisoners until January 15, 2022.  As petitioner filed this action prior to that date, it is not ripe for review.

In addition, the court lacks the authority to order release under the EOP or home confinement provisions relied on by petitioner.  34 U.S.C. § 60541(g) grants discretion to the Attorney General, not the courts, to release elderly offenders.  *U.S. v. Herrera*, No. CR 02-531-RSWL-1, 2022 U.S. Dist. LEXIS 85621, at *5-6 (C.D. Cal. May 9, 2022).  Congress has also placed the decision of where an inmate spends his incarceration (e.g., in prison or home confinement) in the sole purview of the BOP.  *Reeb v. Thomas*, 636 F.3d 1224, 1226 (9th Cir. 2011) (holding that courts may not review a BOP decision regarding participation in a residential drug abuse program under 18 U.S.C. § 3621 because § 3625 precludes judicial review of decisions made by the BOP under §§ 3621-3625); 18 U.S.C. § 3621(b) ("Notwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court."); 18 U.S.C. § 3624(c)(4) ("Nothing in this subsection shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under section 3621."); 18 U.S.C. § 3625 (the Administrative Procedures Act does "not apply to the making of any determination, decision, or order under this subchapter"); *Herrerra*, 2022 U.S. Dist. LEXIS 85621 at *6-7.

### III. Recommendation

Accordingly, it is hereby RECOMMENDED that the petition for relief under 28 U.S.C. § 2241 be dismissed because petitioner's claim for application of good time credits under the FSA is unripe and his claims regarding release to home confinement or as an elderly offender are not reviewable by the court.  It is FURTHER RECOMMENDED that petitioner be provided leave to

file an amended petition within 30 days of any order adopting this recommendation demonstrating that his claim is ripe for review.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 29, 2022.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE